**Richard J. BLAIR and Ingrid Morning, Appellants,**

**v.**

**ZONING HEARING BOARD OF the TOWNSHIP OF PIKE and Township of Pike and Warren L. Saylor and Gary M. Henshaw.**

Commonwealth Court of Pennsylvania.

Argued April 15, 1996.

Decided May 21, 1996.

Paul R. Ober, for Appellants.

Henry T. Zale, for Appellees, Warren L. Saylor and Gary M. Henshaw.

Before DOYLE and McGINLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Richard J. Blair and Ingrid Morning (Appellants) appeal from the order of the Court of Common Pleas of Berks County that denied their motion against termination of their

forum, this court would be required to afford   them an opportunity to do so on appeal.

appeal from an order of the Zoning Hearing Board of the Township of Pike (ZHB). We affirm.

On October 2, 1989, Appellants filed an appeal from a grant by the ZHB of a variance to Warren L. Saylor and Gary M. Henshaw.[1] From November 15, 1990 to January 12, 1993, no activity occurred in the case.

On January 12, 1993, the Prothonotary of Berks County issued a notice listing Appellants' appeal for termination effective April 19, 1993, due to lack of docket activity for a period in excess of two years contrary to Pa. R.J.A. No.1901 and B.R.J.A. No.1901.[2] On March 12, 1993, Appellants filed a motion against termination of their appeal claiming that, among other things, the ZHB failed to certify its record to the trial court in accordance with the writ of certiorari. The trial court issued a rule to show cause upon Appellants' motion against termination which Saylor and Henshaw answered. Without hearing on the matter, the Prothonotary terminated the appeal for lack of activity on April 19, 1993.

On March 11, 1994, Saylor and Henshaw, being personally unaware that the case had been terminated, filed for judgment of non pros under a proposed rule to show cause why the case should not be terminated. The trial court did not issue the proposed rule, finding that no action was viable because the case had already been terminated. Soon thereafter, the trial court was informed by Appellants that the case had been terminated without hearing upon their motion. The trial court scheduled a hearing but dismissed Appellants' motion and again terminated the case on the basis of inactivity, noting that it was Appellants' duty as plaintiffs at the trial court level to bring the case forward, regardless of the fact that the ZHB had failed to certify its record to the trial court. The trial court suggested that Appellants should have filed an action in mandamus to require the ZHB to certify the record.

On appeal to this Court, Appellants argue that the trial court abused its discretion in terminating its case for lack of activity. Our scope of review of an order from a trial court terminating a case for lack of activity under Pa. R.J.A. No.1901 and a local rule thereunder, will not be reversed absent a manifest abuse of discretion by the trial court. *Pilon v. Bally Engineering Structures,* 435 Pa. Superior Ct. 227, 645 A.2d 282 (1994). Such manifest abuse of discretion does not result from a mere error in judgment, but occurs when the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will. *Id.*

Pa. R.J.A. No.1901 provides, in pertinent part, as follows:

(a) **General Policy.** It is a policy of the Unified Judicial System to bring each pending matter to a final conclusion as promptly as possible consistent with the character of the matter and the resources of the system . . . .

(b) **Primary Responsibility for Implementation of Policy.**

(1) Each court of common pleas is primarily responsible for the implementation of the policy expressed in subdivision (a) of this rule and is directed to make local rules of court for such purposes applicable to the court . . . .

In accordance with and implementing the policy of Pa. R.J.A. No.1901, the Court of Common Pleas of Berks County promulgated B.R.J.A. No.1901. Local rule No.1901 provides that in all civil cases which remain open on the dockets and in which no activity is reflected for a period of at least two years, the Prothonotary shall give notice of such inactivity to all counsel of record and unrepresented parties and advise that the case will be terminated if certain documents are not filed with the court within sixty days follow-

---

1. Saylor and Henshaw are Appellants' adjoining property owners who had submitted a variance to subdivide their property.

2. The Rules of Civil Procedure do not apply to statutory appeals except when authorized by statute or local rule. *Farrington v. Pennsylvania,*

*Department of Transportation,* 35 Pa.Cmwlth. 373, 387 A.2d 136 (1978). *See also Appeal of Borough of Churchill,* 525 Pa. 80, 575 A.2d 550 (1990). No case law has been discovered by this Court which holds that the Rules of Judicial Administration do not apply to statutory appeals.

ing the mailing of the notice. In order to defeat termination of a case for lack of activity in excess of two years, the party, who instituted the action, must demonstrate a compelling reason for the inactivity. *Streidl v. Community General Hospital,* 529 Pa. 360, 603 A.2d 1011 (1992).

In *Streidl,* the Court held that the test for termination of a case for lack of activity was satisfied when: 1) lack of due diligence by the plaintiffs in prosecuting the case had been demonstrated; 2) the zoning board's failure to certify its record to the trial court was not a compelling reason for the plaintiff's delay in prosecuting the matter; and 3) that prejudice to the adverse party was presumed because of plaintiff's delay.

■ While Appellants are correct that the certification of the complete ZHB record to the trial court was necessary before the court could determine the *merits* of the appeal, it still remained the duty of Appellants, as party who instituted the action, to prosecute the matter.

> The law is settled that it is the plaintiff, not the defendant, who bears the risk of not acting within a reasonable time to move the case along. If plaintiff's counsel finds [himself] faced with the delays created by others [he] must take action to move the case forward, such as filing praecipes for argument on the undecided motions, moving to compel [his] opponent to file a certificate of readiness, or requesting a conference with the judge as provided by local rule to have the case put on the trial list.

*Pilon,* 645 A.2d at 285 (citation omitted).

The trial court, relying on our opinion in *Appeal of Crossley,* 60 Pa.Cmwlth. 351, 432 A.2d 263 (1981), held that Appellants had a remedy in mandamus. In *Crossley,* we held that mandamus was a remedy available to the appellant in a land use appeal in order to compel a zoning board, which was in default of its record-certifying obligations under the

Municipalities Planning Code,[3] to certify its record to the trial court.[4]

Appellants assert that their failure to proceed in mandamus to compel the certification by the ZHB should not constitute a lack of due diligence in prosecuting their appeal. Appellants contend that mandamus would have required the filing of a separate action against a third party, and that, even if filed, mandamus being a separate action, would not have been reflected as activity on the docket of their land use appeal. However, we hold that while mandamus may have required the institution of a separate proceeding, it certainly would have been evidence of due diligence in prosecuting the land use appeal.

Appellants also assert that mandamus would not have been effective because the ZHB apparently had misplaced or lost the record. However, Appellants, at all times since the land use appeal had been filed, had a copy of the record available for such purpose. (101–102a, 106a.) Appellants rely on *Zoning Board of Adjustment v. Walsh,* 409 Pa. 8, 185 A.2d 316 (1962), for the proposition that it is the Prothonotary not the appellant that has the obligation to issue the writ of certiorari to compel the certification of the record. However, *Walsh* is distinguishable as it was not a termination case for lack of activity under Pa. R.J.A. No.1901. Indeed, *Walsh* was decided prior to the adoption of Pa. R.J.A. No.1901 and B.R.J.A. No.1901 and thus, does not control here.

Appellants had legal and practical means to make a copy of the certified record available to the trial court and did not attempt to do so. Therefore, we hold that the trial court did not abuse its discretion in dismissing Appellants' appeal for lack of prosecution under Pa. R.J.A. No.1901 and B.R.J.A. No.1901.

Accordingly, we affirm.

---

3. Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11201.

4. It is interesting to note that the counsel for Appellants was the counsel of record in *Crossley.*

## ORDER

AND NOW, this 21st day of May, 1996, the order of the Court of Common Pleas of Berks County in the above-captioned matter is hereby affirmed.