718 A.2d 764

Richard J. BLAIR and Ingrid Morning, Appellants,

v.

ZONING HEARING BOARD OF the
TOWNSHIP OF PIKE, Appellee

and

Township of Pike, Warren L. Saylor and
Gary M. Henson, Intervenors.

Supreme Court of Pennsylvania.

Argued March 11, 1998.

Decided Sept. 30, 1998.

Reargument Denied Feb. 4, 1999.

Paul R. Ober, Boyertown, Bryon M. Yatron, Reading, for Richard Blair and Ingrid Morning.

Charles F. Fitzpatrick, Reading, for Zoning Hearing Bd. Pike Tp.

Henry T. Zale, Pottstown, for Intervenors.

Paul T. Essig, Reading, for Pike Tp.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

ZAPPALA, Justice.

We must determine whether this land use appeal was properly dismissed due to lack of prosecution. For the reasons that follow, we hold that principles governing the dismissal of cases for inactivity apply to proceedings under the Municipalities Planning Code. We further hold that, under the circumstances of the instant case, the failure of the Zoning Hearing Board to certify the record for appeal does not constitute a compelling reason for the delay in prosecution.

On October 2, 1989, Appellants, Richard Blair and Ingrid Morning, appealed a decision of the Zoning Hearing Board of Pike Township (Board), which granted a variance to Warren Saylor and Gary Henshaw to subdivide their property.[1] That same day, a writ of certiorari was issued to the Board, requiring it to produce the record of the proceedings.[2] Apparently due to the fact that portions of the record were misplaced, the Board did not comply with the writ.

Over three years later on January 12, 1993, the Prothonotary of Berks County issued a Notice of Termination pursuant to Pennsylvania Rule of Judicial Administration 1901 and Berks County Rule of Judicial Administration 1901. On March 12, 1993, Appellants filed a motion opposing termination of their case, alleging that the Board failed to certify its record to the trial court in accordance with the writ of certiorari. The common pleas court issued a rule to show cause upon Appellants' motion opposing termination. On April 19, 1993, the Prothonotary terminated the appeal without a hearing.

Unaware that the matter had been dismissed, Saylor and Henshaw filed a motion for *non pros* on March 11, 1994. The common pleas court responded that no action could be taken on a matter which had already been terminated. Shortly thereafter, Appellants notified the common pleas court that their case had been dismissed without a hearing on their motion. The court scheduled a hearing, but dismissed Appel-

---

1. Appellants owned property adjacent to the property owned by Saylor and Henshaw.

2. The writ of certiorari was issued pursuant to Section 1003–A(b) of the Pennsylvania Municipalities Planning Code (MPC) which provides as follows:

 Upon filing of a land use appeal, the prothonotary or clerk shall forthwith, as of course, send to the governing body, board or agency whose decision or action has been appealed, by registered or certified mail, the copy of the land use appeal notice, together with a writ of certiorari commanding said governing body, board or agency, within 20 days after receipt thereof, to certify to the court its entire record in the matter in which the land use appeal has been taken, or a true and complete copy thereof, including any transcript of testimony in existence and available to the governing body, board or agency at the time it received the writ of certiorari.

lants' motion and again terminated the case for lack of activity. Relying on *Appeal of Crossley*, 60 Pa.Cmwlth. 351, 432 A.2d 263 (1981), the court held that Appellants had an available remedy in mandamus to compel the Board to certify its record in accordance with the writ. It further held that because Appellants were provided with complete copies of the transcripts of the testimony and exhibits, they could have made available their copy for the Board to certify as section 1003–A(b) of the MPC expressly permits a copy of the record to be certified. Applying our decision in *Penn Piping, Inc. v. Insurance Company of North America*, 529 Pa. 350, 603 A.2d 1006 (1992),[3] the court concluded that a want of due diligence was shown on behalf of Appellants, that the failure of the Board to transmit the record to the court was not a compelling reason for the delay, and that prejudice was presumed because the delay exceeded two years. The Commonwealth Court affirmed.

In determining whether the matter was properly dismissed, we must first examine the law governing terminations for inactivity pursuant to local rules promulgated under Pa.R.J.A. 1901.[4] Rule 1901 is essentially an administrative tool by which the court, through the prothonotary, may rid the court dockets of stale matters that have not been discontinued by the

**3.** In *Penn Piping*, we held that a court may enter a judgment of non pros when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, there has been no compelling reason for the delay, and the adverse party has suffered prejudice by the delay of the case; prejudice was presumed after two years of inactivity.

**4.** Pa.R.J.A.1901 provides in pertinent part:

Rule 1901. PROMPT DISPOSITION OF MATTERS: TERMINATION OF INACTIVE CASES

(a) General Policy. It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.

(b) Primary Responsibility for Implementation of Policy.

(1) Each court of common pleas is primarily responsible for the implementation of the policy expressed in subdivision (a) of this rule and is directed to make local rules of court for such purposes....

parties. *Shope v. Eagle*, 551 Pa. 360, 710 A.2d 1104 (1998). The local rules implemented thereunder are "intended to foster elimination of stale cases from the judicial system where the parties have failed to proceed and which are carried as open matters because of the failure on the part of any party to seek dismissal or otherwise to bring the matter to a conclusion." *Id.*, at 364–65, 710 A.2d at 1106, quoting Pa. R.J.A.1901 Note. In *Shope*, we recognized that terminations pursuant to Rule 1901 and motions for *non pros* both result in the dismissal of cases for inactivity. Although each action has a distinct procedure, the same standard for dismissal applies.

> To dismiss a case for inactivity there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause *actual* prejudice to the defendant.

*Id.*, at 367, 710 A.2d at 1107–1108, citing *Jacobs v. Halloran*, 551 Pa. 350, 358, 710 A.2d 1098, 1103 (1998) (emphasis supplied). In *Jacobs*, we abandoned the two year presumption of prejudice adopted in *Penn Piping* and returned to the test set forth in *James Brothers Company v. Union Banking and Trust Company of DuBois*, 432 Pa. 129, 132, 247 A.2d 587, 589 (1968), which required the showing of actual prejudice to the defendants from the delay in prosecution.

Appellants first contend that these principles do not apply to proceedings under the Municipalities Planning Code (MPC).[5] They rely on section 11001–A of the MPC, 53 P.S. § 11001–A, which provides that the MPC is the "exclusive mode for securing review of any decision" rendered pursuant to the act. Appellants argue that because the MPC does not

**5.** Appellees contend that this issue was not properly preserved for review. Although the lower courts do not directly address this question, we find that Appellants asserted the issue in their statement of matters complained of on appeal. Specifically, Appellants contended that "[t]he dismissal of the within action … is violative of the Municipalities Planning Code inasmuch as the MPC does not contemplate nor sanction such a procedure." Also, the Commonwealth Court noted that "[n]o case law has been discovered by this Court which holds that the Rules of Judicial Administration do not apply to statutory appeals." Slip op. at 2 n.2.

provide for the dismissal of a case for lack of prosecution, Rule 1901 is inapplicable. We disagree.

In *Captline v. County of Allegheny*, 553 Pa. 92, 718 A.2d 273 (1998), also decided today, we held that the principles governing the dismissal of civil cases for lack of prosecution apply to proceedings under the Eminent Domain Code. We stated,

> The fact that the Eminent Domain Code does not expressly address dismissals for inactivity does not preclude the court from exercising its inherent power to remove stale cases from its docket. This power originated in common law, prior to the passage of any statute. *Waring v. The Pennsylvania Railroad Company*, 176 Pa. 172, 35 A. 106 (1896). The court's ability to enter a *non pros* is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the common pleas court calendar. *See Link v. Wabash Railroad Company*, 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (authority of a court to dismiss for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.)

At 97, 718 A.2d 273.

Likewise, we find that the court is not precluded from dismissing a land use appeal for lack of prosecution merely because the MPC does not include procedures to do so. Moreover, the lower courts did not "review" the Board's decision regarding the grant of a variance. Rather, the lower courts examined only Appellants' lack of diligence in pursuing the appeal, a function which they had the inherent power to perform.

 Having determined that land use appeals are subject to dismissal for lack of prosecution, we now examine whether dismissal was proper in the instant case. The main point of contention is whether a compelling reason existed for the delay. Appellants argue that the inactivity was a result of the

Board's failure to respond to the writ of certiorari issued by the common pleas court, which directed the Board to certify the record for appeal.[6] The lower courts found that this was not a compelling reason for the delay. They concluded that, pursuant to *Appeal of Crossley*, Appellants could have commenced a mandamus action to compel the Board to certify the record.[7]

■ Appellants contend that they should not be required to file a separate action to establish that they are diligently pursuing their land use appeal. They further assert that the filing of a mandamus action would not remedy the problem as the Board's failure to certify the record was not willful. Rather, the Board merely did not possess the entire record to certify. Appellants rely on *Zoning Board of Adjustment v. Walsh*, 409 Pa. 8, 185 A.2d 316 (1962), for the proposition that they should not be penalized for the failures of the Board to perform its duty.

In *Walsh*, the appellants filed an appeal from a land use decision of a zoning board. The prothonotary, however, failed to issue a writ of certiorari commanding the zoning board to certify to the common pleas court the entire record. The common pleas court quashed the appeal because no writ of certiorari had been issued and no record was before that court. The issue before the Commonwealth Court was whether the appellant or the prothonotary had the duty to file the writ of certiorari. The court concluded that it was the prothonotary's duty to issue the writ and the appellant should not be

6. Upon filing of a land use appeal, the prothonotary sends to the Board a writ of certiorari commanding it, within twenty days, to certify to the court its entire record in the matter. 53 P.S. § 11003. Certification of the record is necessary as a decision in the common pleas court cannot be made without a complete record. *Wright v. Zoning Hearing Board of Bridgeville*, 86 Pa.Cmwlth. 528, 485 A.2d 870 (1984).

7. *Crossley*, however, did not involve the dismissal of an appeal for lack of prosecution. Rather, the appellant contended that the court erred by failing to sustain its appeal after the zoning board had failed to respond to the writ of certiorari. The Commonwealth Court held that the appellant's appeal should not be sustained solely because of the zoning board's failure to certify the record for appeal. The court recognized that the appellant could compel the certification by filing an action in mandamus.

penalized for the failure of the prothonotary to fulfill his obligation.

The instant case is distinguishable. Here, the prothonotary issued the writ but the Board was unable to comply as it did not possess the entire record. Moreover, as noted by the lower courts, Appellants possessed a complete copy of the record, yet failed to submit it to the Board for certification. Rather than explaining why they did not furnish the Board with their copy of the record, Appellants contend that Appellees have unclean hands because they also could have submitted a copy of the record to the Board. Appellants, as the parties instituting the appeal, bore the burden of moving the case forward. The argument that they are being penalized for the Board's failures is simply inaccurate.

The remaining inquiry is whether Appellees were prejudiced by the delay. The common pleas court presumed prejudice since the delay exceeded two years. However, since our subsequent decision in *Jacobs v. Halloran* requires a showing of actual prejudice, a remand is necessary.

Accordingly, we remand the matter to the common pleas court for a determination of whether Appellees were prejudiced by Appellants' delay in prosecution.