J-S44043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DMITRY KUPERSHMIDT, | : | |
| | : | |
| Appellant | : | No. 2261 EDA 2015 |

Appeal from the Order June 12, 2015
in the Court of Common Pleas of Pike County,
Criminal Division, No(s):  CP-52-CR-0000423-2014

BEFORE:  FORD ELLIOTT, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED JULY 08, 2016**

Dmitry Kupershmidt ("Kupershmidt") appeals from the Order denying his Motion for Bail Modification.  We affirm.

The trial court set forth the relevant factual and procedural history as follows:

> The Commonwealth filed a [C]riminal [Complaint] on [or about May 20], 2014, charging [Kupershmidt] with nine (9) counts of Forgery, [nine] (9) counts of Identity Theft, one [(1)] count of Criminal use of a Communication Facility, sixty-one (61) counts of Criminal Attempt pursuant to 18 Pa.C.S.[A.] § 4101(a)(2), sixty-one (61) counts of Criminal Attempt pursuant to 18 Pa.C.S.[A.] § 4120(a), one count of Criminal Conspiracy pursuant to 18 Pa.C.S.[A.] § 4101(a)(2), one count of Criminal Conspiracy pursuant to 18 Pa.C.S.[A.] § 4120(a), eight (8) counts of Tampering with Records or Identification, sixty-one (61) counts of Criminal Attempt pursuant to 18 Pa.C.S.[A.] § 4104(a), and one (1) count of Criminal Conspiracy pursuant to 18 Pa.C.S.[A.] § 4104(a), all relating to the election of officers for the Wild Acres Lakes Property Owners Association ("WALPOA").
>
> Bail was initially granted by Magisterial District Judge Alan Cooper in the amount of $40,000 on May 23, 201[4], including

the non-monetary condition that [Kupershmidt] refrain from any verbal, written and/or physical contact with ["]the alleged victim, directly [and/]or indirectly.["]  [Kupershmidt] posted the entire monetary bail in cash on the same day.  [Kupershmidt's] bail [O]rder was subsequently modified by Order dated July 23, 2014, to specify that [Kupershmidt] have no contact with Robert De[P]aolis ["DePaolis"] (a witness for the Commonwealth),[1] no contact with SOS Property Owners,[2] no contact with current or former WALPOA Board members except for participation in legal proceedings, and prohibiting [Kupershmidt] from entering the Conashaugh Lakes Community.[3]

[Kupershmidt] filed a Motion for Bail Modification ("the Motion") on May 28, 2015, claiming financial hardship, that the non-monetary conditions prevent him from contact with his friends living in the Wild Acres Lakes Community, and that he did not present a significant flight risk due to his strong ties to the local community.  Following a hearing, the [trial c]ourt denied [Kupershmidt's] request by an Order filed on June 12, 2015.

The present appeal followed timely.

---

[1] DePaolis is the Director of Operations for WALPOA.  **See** N.T. (preliminary hearing), 7/23/14, at 5.  According to the Criminal Complaint, Kupershmidt, who was the chairman of the WALPOA Board of Directors, and his co-defendant, Myron Cowher ("Cowher"), who was the secretary of the WALPOA Board of Directors, conspired to influence DePaolis to provide Cowher with the ballots of 62 WALPOA property owners for an upcoming election of WALPOA Board members, in order to falsify the ballots to ensure that certain candidates secured a place on the WALPOA Board of Directors, while others did not.  **See** Criminal Complaint, 5/20/14, at 2-11; **see also** Affidavit of Probable Cause, 5/20/14, at 1.

[2] The "SOS Property Owners" consist of those individuals who own unbuildable lots in the Delaware sewer district located in the community of Wild Acres Lakes.  **See** N.T. (preliminary hearing), 7/23/14, at 7-8.  The 62 ballots which Cowher obtained from DePaolis were those of the SOS Property Owners.  **See id**. at 10.

[3] Conashaugh Lakes Community is the neighborhood in which DePaolis resides.  **See** N.T. (preliminary hearing), 7/23/14, at 91-92.

Trial Court Opinion, 9/1/15, at 1-2 (footnotes added).[4]

On appeal, Kupershmidt raises the following issue for our review: "Whether, where [Kupershmidt] has no prior record or history of witness intimidation and is currently charged with a non-violent offense, the lower court erred, in violation of [Kupershmidt's] First Amendment rights, when it [forbade] him [from having] contact, as a bail condition, with thousands of individuals?" Brief for Appellant at 7.

Kupershmidt contends that the no-contact provision, imposed by the trial court as a bail condition, is not permitted under the Pennsylvania Rules of Criminal Procedure, is not narrowly tailored, and is excessive. *Id*. at 12. Kupershmidt asserts that "the lower court named the entire Wild Acres [Lakes] Community as the victim in this matter." *Id*. at 13. Kupershmidt claims that the only potential victims in this case are the members of the Wild Acres Lakes Board and the individuals who had their ballots stolen, and that the bail condition forbidding him from having any contact with the thousands of individuals in the community of Wild Acres Lakes is particularly burdensome. *Id*. Kupershmidt argues that the "vast number of individuals with whom he is forbidden contact are not victims or witnesses." *Id*. Kupershmidt contends the bail condition prevents him from living happily in the community of Wild Acres Lakes, and that, as a result of the condition, he has had to move back to New York. *Id*. Kupershmidt contends that the bail

---

[4] In its Opinion, the trial court incorrectly indicated that its Order was entered on June 12, 2014, when, in fact, it was entered on June 12, 2015.

J-S44043-16

condition infringes on his rights to freedom of speech and association, as guaranteed under the First Amendment of the United States Constitution. *Id*. Kupershmidt asserts that there is no sufficiently important government interest at issue to justify the bail condition imposed. *Id*. at 14.[5]

The trial court set forth the relevant law, addressed Kupershmidt's issue, and determined that it lacks merit.[6] *See* Trial Court Opinion, 9/1/15, at 4-6. We agree with the reasoning of the trial court and discern no abuse of discretion. *See id*. Accordingly, we affirm the trial court's Order.

Order affirmed.

---

[5] Several of the arguments that Kupershmidt raises in support of his claim constitute separate issues that were not identified in Kupershmidt's Statement of the Questions Presented, nor did Kupershmidt include a separate argument in his brief regarding these separate issues. *See* Pa.R.A.P. 2116 (providing that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); *see also* Pa.R.A.P. 2119(a) (providing that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part … the particular point to be treated therein."). Additionally, Kupershmidt's argument is woefully underdeveloped. *See* Pa.R.A.P. 2119(a) (stating that the parties' briefs must include a discussion of each question raised on appeal and a "citation of authorities as are deemed pertinent"). Nevertheless, because the trial court addressed Kupershmidt's claims, we will address the issues raised by Kupershmidt on appeal.

[6] Kupershmidt incorrectly claims that, pursuant to the non-monetary bail conditions imposed by the magistrate, he is prevented from having any contact with *all* residents in the Wild Acres Lakes community. Rather, pursuant to the bail Order, as modified on July 23, 2014, the non-monetary conditions of Kupershmidt's bail are that he have no contact with DePaolis, SOS Property Owners, current or former WALPOA Board members, and that he not enter into DePaolis's neighborhood.

- 4 -

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016

**IN THE COURT OF COMMON PLEAS OF
PIKE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA,     :

    :

v.     :     **423-2014 CRIMINAL**

    :

DMITRY KUPERSHMIDT,     :

    :

    Appellant.     :

---

## OPINION SUBMITTED PURSUANT TO PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925

AND NOW, this 31st day of August, 2015, following thorough review of the record, we continue to stand by our decision and respectfully request the Superior Court affirm the Order of June 12, 2014. This Court would like to add, pursuant to Pennsylvania Rule of Appellate Procedure 1925, the following:

### FACTUAL AND PROCEDURAL HISTORY

This appeal arises from the denial of Dmitry Kupershmidt's ("Appellant") request for modification of bail. The Commonwealth filed a criminal information on October 27, 2014, charging Appellant with nine (9) counts of Forgery, (9) counts of Identity Theft, one (1) count of Criminal Use of a Communication Facility, sixty-one (61) counts of Criminal Attempt pursuant to 18 Pa. C.S. §4101(a)(2), sixty-one (61) counts of Criminal Attempt pursuant to 18 Pa. C.S. §4120(a), one (1) count of Criminal Conspiracy pursuant to 18 Pa. C.S. 4101(a)(2), one (1) count of Criminal Conspiracy pursuant to 18 Pa. C.S. §4120(a), eight (8) counts of Tampering with Records or Identification, sixty-one (61) counts of

R.2

Criminal Attempt pursuant to 18 Pa. C.S. §4104(a), and one (1) count of Criminal Conspiracy pursuant to 18 Pa. C.S. §4104(a), all relating to the election of officers for the Wild Acres Lakes Property Owners Association ("WALPOA").

Bail was initially granted by Magisterial District Judge Alan Cooper in the amount of $40,000.00 on May 23, 2015, including the non-monetary condition that Appellant refrain from any verbal, written and/or physical contact with the alleged victim, directly and/or indirectly. Appellant posted the entire monetary bail in cash on the same day. Appellant's bail order was subsequently modified by Order dated July 23, 2014, to specify that Appellant have no contact with Robert Depaolis (a witness for the Commonwealth), no contact with SOS Property Owners, no contact with current or former WALPOA Board members except for participation in legal proceedings, and prohibiting Appellant from entering the Conashaugh Lakes Community.

Appellant filed a Motion for Bail Modification ("the Motion") on May 28, 2015, claiming financial hardship, that the non-monetary conditions prevent him from contact with his friends living in the Wild Acres Lakes Community, and that he did not present a significant flight risk due to his strong ties to the local community. Following a hearing on the Motion, this Court denied Appellant's request by an Order filed on June 12, 2015. The present appeal followed timely.

Appellant complains of four (4) issues in his Concise Statement of Matters Complained of on Appeal:

1. That this Court abused its discretion by failing to list the reasons for denying Appellant's Motion on the record or in its Order;

2. That this Court abused its discretion in denying the Motion because there is no

2

nexus between the no-contact bail condition and a government interest in the case;

3. That this Court abused its discretion by perpetuating a no-contact bail condition which violates Appellant's First Amendment rights to Free Speech and Freedom of Association; and

4. That this Court abused its discretion in denying the Motion because Appellant has no prior record and the allegations against his are for non-violent offenses.

## STANDARD OF REVIEW

The trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion. *Id., citing Cochran v. GAF Corp.*, 666 A.2d 245, 248 (Pa. 1995). "An abuse of discretion is not merely an error in judgment; rather it occurs when the law is overridden or misapplied, or where the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will." *Pilon v. Bally Engineering Structures*, 645 A.2d 282, 285 (Pa. Super. 1994).

## DISCUSSION

Appellant provides four (4) issues for appeal. As they are interrelated and involve similar concepts of law, this Court will address them together.

The primary issue in this case is whether the Trial Court abused its discretion in denying Appellant's Motion for Modification of Bail when the Court failed to list is reasons for doing so, there is no nexus between the non-monetary bail conditions and a government interest, the bail conditions implicate Appellant's First Amendment Rights to Free Speech

3

and Association, and the crimes alleged are non-violent in nature. We are confident that the discretion vested in this Court was not abused.

Rule 520(A) of the Pennsylvania Rules of Criminal Procedure states: "Bail before verdict shall be set in all cases as permitted by law. Whenever bail is *refused* (emphasis added), the bail authority shall state in writing or on the record the reasons for that determination." The term "bail authority" is defined as the district judge, magistrate, or judge authorized to set, modify, revoke or deny bail. Pa.R.Crim.P. 103. The bail authority may impose additional conditions of release to ensure a defendant's appearance and compliance with the standard bail conditions. Pa.R.Crim.P. 526(B).

> (A) When the bail authority determines that, in addition to the conditions of the bail bond required in every case pursuant to Rule 526(A), nonmonetary conditions of release on bail are necessary, the categories of nonmonetary conditions that the bail authority may impose are:
>
> (1) reporting requirements;
> (2) restrictions on the defendant's travel; and/or
> (3) any other appropriate conditions designed to ensure the defendant's appearance and compliance with the conditions of the bail bond.

Pa.R.Crim.P. 527(A).

This Court disagrees with Appellant's allegations of abuse of discretion in deciding the Motion. First, Rule 520(A) clearly states that reasons need only be stated whenever bail is *refused* (emphasis added). At no point in the case *sub judice* was bail refused. The initial bail was set by the Magisterial District Judge and was thereafter modified in accordance with the Pennsylvania Rules of Criminal Procedure. The issue raised by the Appellant is not a *refusal* of bail, but the denial of a request for modification of a previous

4

R. 5

bail order. The Rules of Criminal Procedure make no provision requiring the reasoning of the Court be placed on the record under these circumstances.

Contrary to the belief of Appellant, there is a rational basis for denying the Motion. Appellant is accused of crimes related to tampering with the election of WALPOA Board members. Preventing Appellant from being in a position to further influence members of that community is both appropriate and rational in ensuring his compliance with the standard conditions of bail, *to wit*, "neither do, nor cause to be done, nor permit to be done on his or her behalf, any act proscribed by Section 4952 of the Crimes Code (relating to intimidation of witnesses or victims) or by Section 4953 (relating to retaliation against witnesses or victims), 18 Pa.C.S. §§4952, 4953; and (5) refrain from criminal activity." Pa.R.Crim.P. 526(A)(4)-(5).

Finally, there being no precedent concerning the constitutionality of the imposition of non-monetary bail conditions in Pennsylvania, we refer to the official comments of Pa.R.Crim.P. 527. Comment (5) states: "There may be cases when the relationship between the defendant and another person is such that the bail authority might require that the defendant refrain from contact with that other person." Constitutionally, there is a clear distaste regarding the imposition of pre-conviction sanctions. *Commonwealth v. Truesdale*, 296 A.2d 829, 834 (Pa. 1972). However, this Court believes the imposition of non-monetary bail conditions are warranted by the circumstances of this particular case. As discussed, *supra*, preventing Appellant from being in a position to influence members of the community where he is accused of election tampering is appropriate, rational, and permitted by the Rules of Criminal Procedure. This Court has no alternative but to

5

R. 6

conclude that the Magisterial District Judge had the authority to impose a similar condition on the Appellant in this case.

Having neither overridden nor misapplied the applicable law in this matter, and because the decision was neither manifestly unreasonable nor the result of partiality, prejudice, bias or ill will, this Court is certain it has not abused its discretion in denying Appellant's Motion.

## CONCLUSION

Following an extensive review of the record and Appellant's Concise Statement of Matters Complained of on Appeal, this Court continues to stand by its decisions in this case. As such it is respectfully requested that the Superior Court affirm our Order of June 12, 2015.

BY THE COURT:

_____
HON. GREGORY H. CHELAK, J.

cc:     Paul J. Walker, Esq.
        Pike County District Attorney's Office
        Court Administration

JC