## Jones v. Early

C.P. of Franklin County, no. A.D. 1992-397.

*Charles A. Bierbach* and *Lee G. Nollau,* for plaintiffs.
*Linda Porr Sweeney* and *Christopher F. Wilson,* for defendant.

HERMAN, *J.,* August 30, 2000—Before the court is the plaintiffs' petition for relief from judgment non pros entered by this court on January 22, 1998. The defendant filed an answer to the petition and argument was held. This matter is ready for decision.

## BACKGROUND

A case can be dismissed for inactivity where (1) there is a lack of due diligence on the part of the plaintiff in

failing to proceed with reasonable promptitude; (2) the plaintiff has no compelling reason for the delay and (3) the delay causes actual prejudice to the defendant. *Jacobs v. Halloran,* 551 Pa. 350, 710 A.2d 1098 (1998). Prejudice has been defined as "any substantive diminution of a party's ability to properly present its case at trial." *Id.,* 551 Pa. at 358, 710 A.2d at 1103. (citations omitted) The defendant must show he has lost his ability to adequately prepare a defense. *Id.* Prejudice can be established by the death or absence of a material witness. *Id.; James Brothers Co. v. Union Banking and Trust Co. of DuBois,* 432 Pa. 129, 247 A.2d 587 (1968); *Shope v. Eagle,* 551 Pa. 360, 710 A.2d 1104 (1998).

The plaintiffs, Patricia and Donald Jones, filed a complaint on September 30, 1992 alleging the defendant, Dr. Calvin B. Early M.D., was negligent in performing a spinal operation on Mrs. Jones on August 21, 1990. The parties conducted discovery in 1993, 1994, 1995 and 1996. This discovery, specifically the taking of depositions, was hampered by the fact that copies of certain x-rays were missing. Some of the x-rays were eventually located in late 1996 and the remaining depositions were set for July 1997.

Before the depositions could be completed, the defendant filed a motion for entry of judgment non pros on the ground that more than two years had elapsed between substantive docket entries, those being July 25, 1994 and May 2, 1997. The plaintiffs argued the delay was attributable to continuing attempts by both counsel to locate the missing films, and to take depositions and that the defendant was responsible for the delay.

The court on January 22, 1998 ruled non pros was justified because the plaintiffs were not diligent in pros-

ecuting the case with reasonable promptitude and there was no compelling reason for the delay. The court made no finding as to whether the defendant had been prejudiced by the delay because case law then in effect held that a lack of substantive docket activity for two years or more was presumptively prejudicial. There was therefore no need for the court to make a finding as to whether the defendant suffered actual prejudice in his ability to mount a defense as a result of the plaintiffs' dilatory conduct. *Penn Piping Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992).

On February 2, 1998, the plaintiffs petitioned for relief from judgment non pros in light of the Pennsylvania Supreme Court's April 2, 1998 decision in *Jacobs* which reformulated the standard for granting such judgment in this Commonwealth. The *Jacobs* court abandoned the two-year presumption of prejudice set forth in *Penn Piping* and held that non pros is inappropriate unless the defendant can show the plaintiff's failure to proceed with reasonable promptitude caused him actual prejudice. A defendant will be given the opportunity to establish actual prejudice through the development of an evidentiary record.[1]

---

1. The plaintiffs correctly point out that many cases pending in the appellate courts have been remanded for proceedings consistent with *Jacobs* and its companion cases *Shope* and *Marino v. Hackman,* 551 Pa. 369, 710 A.2d 1108 (1998). One such case is *Medinets v. Betzko,* Franklin County Court of Common Pleas, A.D. no. 1994-107. In *Medinets* the Honorable William H. Kaye granted a motion for entry of judgment non pros based on *Penn Piping.* The Honorable John R. Walker later denied the plaintiff's petition to open the judgment as being untimely and also denied it on the merits. Judge Walker's ruling was appealed to the Superior Court and was reversed and remanded for further proceedings consistent with *Jacobs,* if appropriate. Judge Walker ultimately found the plaintiff had indeed prosecuted the case

On June 29, 1998, the court denied the plaintiffs' petition for relief from judgment non pros on the grounds raised in the petition (whereby the plaintiffs sought to relitigate the issues of whether they failed to act with due diligence in pursuing the case and whether there was a compelling reason for the delay), vacated its order of January 22, 1998 in light of *Jacobs* and granted "the defendant's request to have the parties engage in discovery for the purpose of creating an evidentiary record on the issue of whether the defendant has been prejudiced by the plaintiffs' failure to prosecute the case with reasonable promptitude. The depositions of the defendant's prior counsel and plaintiffs' co-counsel were taken and the defendant filed certain exhibits in order to create an evidentiary record on the issue of whether the defendant has suffered prejudice in his ability to defend himself against the allegations in the complaint.

## DISCUSSION

The defendant argues he has been prejudiced because two witnesses he intended to call on his behalf at trial are no longer available. Dr. J.W. Laing M.D. is the defendant's former partner and assisted the defendant during the surgery. The defendant filed the affidavit of Dr. Michael H. Palmer M.D., Dr. Laing's treating physician, in which Dr. Palmer states Dr. Laing has been in failing health since March of 1996 and that subjecting

---

with diligence and promptness. Because the court found the plaintiff had so proceeded, the defendant's failure to present any evidence of having suffered actual prejudice was not critical to the court's decision. Therefore Judge Walker's ruling is not dispositive of the issue before us.

him to a deposition would jeopardize his health. The other witness who is now unavailable is Dr. Albert N. Martins M.D. The defendant moved into the record an affidavit signed by Dr. Martins' former partner, Dr. Robert C. Leaver M.D. who states Dr. Martins died in December of 1993.[2] The plaintiffs do not dispute that both Dr. Laing and Dr. Martins are unavailable to testify for the defendant. The question is whether the defendant has suffered actual prejudice because of their unavailability.

## Dr. Martins

Shortly after the complaint was filed, Dr. Martins wrote a brief letter to Dr. Early stating Dr. Early rendered appropriate medical treatment to Mrs. Jones during her surgery. His letter was attached to the defendant's November 1993 answers to plaintiffs' interrogatories. Interrogatory no. 4 requested the defendant to name all experts expected to testify at trial, to which the defendant responded as follows:

"Defendant has not yet determined experts to testify at the trial of this case and therefore will supplement this response with an expert report at a later date in accordance with the Pennsylvania Rules of Civil Procedure. By way of further answer, defendant has discussed the surgical procedure performed on plaintiff with Albert Martins M.D. and James Robertson M.D. Copies of their correspondence to defendant are attached hereto. Defendant has not yet determined if Dr. Martins and Dr. Robertson will be called as expert witnesses in this case."

---

2. Exhibits A and B of defendant's motion to move affidavits into the record, filed December 16, 1999. The affidavits were made part of the record with the concurrence of plaintiffs' counsel.

Dr. Martins died in December 1993. According to the defendant, Dr. Martins' participation in this case was essential to his defense because Dr. Martins was a leader in the development of the technique which the defendant used during Mrs. Jones' surgery.

The defendant argues we should be guided by the result in *Shope*. In that case, the plaintiff failed the first two prongs of *Jacobs*. The court went on to rule the defendant was prejudiced by the plaintiff's dilatory conduct because in the three years before the petition for non pros was filed, a physician who examined the plaintiff and was listed as a possible expert witness in the defendant's interrogatories passed away. The Supreme Court, upholding the trial court's finding of prejudice, held the defendant was precluded from discovering the findings of the deceased physician's examination, his opinion concerning liability, causation and damages, as well as the details of the history provided to him by the plaintiff during the examination.

We disagree that *Shope* demands the same outcome here. The physician in that case examined the plaintiff and commented on her condition *during the three year period when the plaintiff failed to move the case.* By contrast Dr. Martins was involved in the instant case at least as early as December of 1992, *long before the case became the legitimate target of a non pros motion.* Therefore the plaintiffs' later dilatory conduct played no role in Dr. Martins' current unavailability. Once Dr. Martins died in December 1993, counsel for the defendant must have realized the need to retain another expert witness. Nothing prevented counsel from asking another physician to review the medical records and render an opinion in the same manner as did Dr. Martins. In fact, in

1992, defense counsel did consult with Dr. Robertson who provided a brief letter opinion in January 1993, and, according to defense counsel's representations to the court, Dr. Robertson remains available for consultation at the present time.

The plaintiff in *Shope* argued unsuccessfully to the trial court that there was no prejudice to the defendant because the deceased physician was not the plaintiff's treating physician, was not deposed and was not listed by the defendant as an expert witness. The Supreme Court refused to reverse the trial court's finding on this issue because "these same arguments were made before the trial court and rejected. The trial court obviously credited the [defendant's] version of the importance of [this physician] as a witness." *Id.* at 368 n.15, 710 A.2d at 1108 n.15. The question of whether a defendant has suffered actual prejudice must be resolved through a fact-finding process and in the case at bar that process weighs not in the defendant's favor but in favor of the plaintiffs.[3]

### *Dr. Laing*

The plaintiffs' interrogatory no. 20 requested the defendant to identify all fact witnesses which the defendant intended to call at trial. The defendant's November 1993 answer was: "Defendant Dr. Early has not yet determined witnesses to testify at the trial of this case and

---

3. Though not central to our decision, we note that at no time between November 1993 and the July 14, 1997 non pros petition did the defendant make reference to Dr. Martins as a potential expert witness. Nor is there evidence that defense counsel informed plaintiffs' counsel during that period about Dr. Martins' death.

therefore reserves the right to supplement this response." Dr. Laing assisted the defendant during Mrs. Jones' surgery. The defendant asserts he intended to call Dr. Laing as a fact witness but can no longer do so because of Dr. Laing's poor health. We are unpersuaded that the defendant's present inability to use Dr. Laing as a witness was caused by the plaintiffs' failure to move the case forward. Counsel for the defendant clearly knew of Dr. Laing's role as assistant during the operation as early as his April 20, 1993 answer to the amended complaint yet made no mention of him in the answer to interrogatory no. 20. There is also no evidence before us that Dr. Laing was ever mentioned as a witness in any correspondence between counsel. Defense counsel evidently made no effort to depose Dr. Laing prior to the onset of his incapacity in March of 1996. Only after the non pros motion was filed did the defendant actually name him as a potential witness.

The defendant argues the plaintiffs should have known Dr. Laing might be a defense witness because his name came up several times during Mrs. Jones' February 23, 1995 deposition. This is no substitute for formally identifying Dr. Laing as a witness. If Dr. Laing was as critical to the defense as is now being claimed, he clearly would have been identified as a witness early on in the case or at a minimum sometime before March of 1996 when his health began to fail. There is insufficient basis that it was the plaintiffs' delay which caused the defendant to lose the opportunity to utilize Dr. Laing as a witness.

The plaintiffs' amended complaint filed February 2, 1993 avers "Throughout the course of the August 21, 1990 operation, Dr. Early was responsible for, and had

complete control over, any and all procedures and/or people in the operating room who may have had responsibilities to care for Patricia A. Jones." (Paragraph 13.) The defendant asserts he has been prejudiced by the fact that persons involved with the operation may now be difficult to locate. We disagree. The defendant failed to produce any evidence that such individuals cannot in fact be located and we cannot make a finding of prejudice based on speculation alone.

*Jacobs* speaks of *substantial,* not total, diminution of a defendant's ability to present a defense, and whether the defendant can *adequately* prepare a defense. *Id.* at 358, 359, 710 A.2d at 1102, 1103. *Jacobs* does not guarantee that a defendant is entitled to present the perfect or ideal defense. Insofar as the defendant has not established he is actually prejudiced in his ability to substantially and adequately defend himself, the plaintiffs' petition for relief from judgment non pros will be granted.[4]

## ORDER

Now, August 30, 2000, the petition filed by the plaintiffs for relief from entry of judgment non pros is hereby granted. The plaintiffs may proceed to move this case to trial. In support of this opinion and order, the court hereby directs the appendix submitted by the plaintiffs in conjunction with their written argument be made part of the record. The court further directs that the partial transcript

---

4. The plaintiffs urge the court to re-examine its prior finding as to their failure to satisfy the first two prongs of the *Jacobs* test for non pros. This issue is moot insofar as we here find the defendant has failed to show the plaintiffs' dilatory conduct caused him actual prejudice.

of the February 23, 1995 deposition of plaintiff Patricia A. Jones also be made part of the record. The court notes that these documents are being made part of the record because counsel for both parties submitted them to the court at oral argument and referred to them and neither objected to the fact that these documents had not yet been made part of the record. The court further directs counsel for the plaintiffs to file of record a certified copy signed by the court reporter of the depositions of Attorneys Leigh Ellis and Lee Nollau, Esquires. Counsel for the defendant is directed to file of record a certified, complete copy of Mrs. Jones' February 23, 1995 deposition which has been signed by the court reporter.