Kathryn E. MEDINETS and David Medinets, Appellants,

v.

Kenneth Paul BETZKO, Appellee.

Kathryn E. MEDINETS and David Medinets, Appellees,

v.

Kenneth Paul BETZKO, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 22, 1998.
Filed Nov. 20, 1998.

Robert B. Gidding, Bala Cynwyd, for Medinets.

Michelle Thorp, Harrisburg, for Betzko,

Before JOHNSON, HUDOCK and HESTER, JJ.

HESTER, Judge:

Kathryn and David Medinets appeal the November 3, 1994 order denying their petition to open a judgment of *non pros* entered in favor of Appellee, Kenneth Betzko.[1] We reverse and remand for further consideration by the trial court.

Appellants instituted this personal injury action on March 16, 1994, seeking damages that they allegedly sustained when Appellee struck the rear of a car occupied by Mrs. Medinets. In his answer, Appellee maintained that the accident had been unavoidable due to the icy conditions of the road. The accident occurred on Interstate 76 in Franklin County on March 22, 1992. Appellee filed preliminary objections to the complaint, which were denied. He then filed a motion for summary judgment, raising the same argument as he had in preliminary objections, and that motion was denied.

There was no docket activity from February 9, 1995, when Appellants' motion for attorney's fees in connection with the summary judgment proceedings was denied, to February 11, 1997, when Appellee filed his motion for judgment of *non pros*. However, Appellants note that there was a significant

---

1. Mr. Betzko filed an appeal at No. 82 Harrisburg 1982 from an order denying his motion for summary judgment. We do not address the propriety of that order for the following reasons. If judgment of *non pros* is let to stand in this action, the order denying Mr. Betzko's motion for summary judgment is moot since Mr. Betzko will have prevailed in this action. On the other hand, if the judgment of *non pros* is lifted on remand, the action will remain pending. It is settled that an order denying a motion for summary judgment is not a final order as it does not dispose of the action, and the order is not subject to review until a final order is entered in this action against Mr. Betzko. Pa.R.A.P. 341. Hence, we quash the appeal from the order denying summary judgment.

amount of non-docket discovery activity during that period, including depositions.

By opinion and order dated April 14, 1997, the trial court granted Appellee's motion for judgment of *non pros*. That opinion indicates the following. The trial court considered the case of *Penn Piping, Inc. v. Insurance Company of North America*, 529 Pa. 350, 603 A.2d 1006 (1992), controlling. In *Penn Piping*, our Supreme Court held that a judgment of *non pros* will be granted if there is a lack of due diligence in failing to proceed, there is no compelling reason for failing to proceed, and the defendant was prejudiced by the delay. The Court also held that prejudice would be presumed to exist if there is no docket activity for two years.

The trial court herein concluded that the existence of prejudice was to be presumed in this case since there was no docket activity for two years. The trial court also expressly refused to consider any non-docket discovery activity for purposes of determining whether there had been a failure to prosecute the action.

On July 10, 1997, Appellants filed with this Court a "Notice of Appeal *Nunc Pro Tunc*" from the April 14, 1997 order granting judgment of *non pros*. This appeal was quashed, and Appellants were notified that they must seek permission to appeal *nunc pro tunc* in the trial court.

Appellants then filed in the trial court both a petition to appeal *nunc pro tunc* from the order granting judgment of *non pros* and a petition to open the judgment of *non pros*. In the first petition, Appellants alleged that they did not receive a copy of the order granting the judgment of *non pros* and did not become aware of it until defense counsel forwarded a copy to them. Both the petition to open the judgment and the petition for allowance of appeal *nunc pro tunc* were denied.

In connection with the appeal *nunc pro tunc*, the trial court noted that Appellants did not have the right to a direct appeal from the order granting judgment of *non pros*. In so doing, the court referenced the explanatory comments to Pa.R.Civ.P. 3051. The rule provides:

(a) Relief from a judgment of *non pros* shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

(b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

(3) there is a meritorious cause of action.

The explanatory comments discuss the procedure for appealing the grant of judgment of *non pros*. Under prior law, the plaintiff had a choice of either directly appealing the grant of judgment of *non pros* or filing a petition to open the judgment of *non pros* and appealing once that petition was denied. The comments state that the rule "adopts a uniform procedure" and establishes that relief from a judgment of *non pros* *must* be sought by petition.

The trial court herein reasoned that since Appellants were not permitted to appeal from entry of the April 14, 1997 judgment of *non pros*, their request for an appeal *nunc pro tunc* was improper. The court then considered the merits of Appellants' petition to open the judgment of *non pros*. The trial court first concluded that Appellants had a meritorious cause of action. It then confronted the issue of whether Appellants' petition was "timely filed." Pa.R.Civ. P. 3051(b)(1).

The trial court noted that Appellants did not file their petition to open the judgment until August 28, 1997, four and one-half months after the judgment was entered. It observed that Appellants alleged that they did not receive a copy of the April 14, 1997 order until June 12, 1997, when defense counsel mailed them a copy. The trial court appeared to accept that factual assertion. The trial court then analyzed whether the two and one-half month delay between June 12, 1997, and August 28, 1997, rendered the petition untimely.

In this respect, the court acknowledged that the delay was solely the result of counsel's failure to follow the proper procedure for seeking review of a judgment of *non pros*. In other words, counsel filed an unnecessary and improper appeal rather than a petition under Pa.R.Civ.P. 3051. Based on this negligence, the court stated that it was "*inclined* to dismiss plaintiffs' petition to open on the basis that it was not timely filed." Trial Court Opinion, 12/8/97, at 5–6 (emphasis added). However, the court did *not* deny the petition on this ground. Instead, it stated that it preferred to deny the petition on the merits. It then concluded that Appellants had not established a legitimate excuse for their delay in prosecuting the action, applying the *Penn Piping* decision as dispositive. This timely appeal followed the trial court's denial of Appellants' petition to open the judgment of *non pros*.

In a trio of cases decided on April 2, 1998, four months after the trial court's denial of Appellants' petition to open the judgment, our Supreme Court announced new rules applicable to whether a judgment of *non pros* should be granted. *Jacobs v. Halloran*, 551 Pa. 350, 710 A.2d 1098 (1998); *Shope v. Eagle*, 551 Pa. 360, 710 A.2d 1104 (1998); *Marino v. Hackman*, 551 Pa. 369, 710 A.2d 1108 (1998).

In *Jacobs*, the Court considered the standard applicable to the dismissal of a case for inactivity pursuant to a defendant's motion for judgment of *non pros*, which is the situation at issue herein. However, the Court made clear that cases involving dismissal initiated by the lower court for inactivity pursuant to local rules implementing Rule 1901 of the Rules of Judicial Administration are also to be applied to cases where a defendant has moved for judgment of *non pros*. *See Jacobs, supra,* 551 Pa. at 352 n. 1, 710 A.2d at 1099 n. 1; *Shope, supra,* (the same standards apply to terminations for inactivity pursuant to a defendant's motion for judgment of *non pros* and to judgments of *non pros* initiated by a court under Rule 1901). Thus, the reasoning of all three cases apply herein.

■ In *Jacobs*, the Court advised that the three-part test applicable to entering a judgment of *non pros*, as announced in *Penn Piping, Inc., supra,* and *James Brothers Co. v. Union Banking and Trust Co. of DuBois*, 432 Pa. 129, 247 A.2d 587 (1968), continues to control this area of the law. That test is:[2]

> A Court may properly enter a judgment of *non pros* when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, *and* there has been no compelling reason for the delay, *and* the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses.

*Jacobs, supra,* 551 Pa. at 355, 710 A.2d at 1101 (emphases added) (quoting *James Brothers Co., supra* 432 Pa. at 132, 247 A.2d at 589). Prejudice occurs for purposes of this test whenever there is " 'any substantial diminution of a party's ability to properly present its case at trial.' " *Jacobs, supra* 551 Pa. at 359, 710 A.2d at 1103 (quoting *Metz Contracting, Inc. v. Riverwood Builders, Inc.,* 360 Pa.Super. 445, 520 A.2d 891, 894 (1987)).

In *Penn Piping*, the Court had held that a delay was to be *presumed* to be prejudicial where there has been no activity on the docket for two or more years. However, in *Jacobs*, the Court reversed that portion of the holding of *Penn Piping* and announced that the two-year presumption of prejudice is to be abandoned in this area.

■ Furthermore, the Court in *Jacobs* reemphasized that the entry of judgment of *non pros* is governed by *equitable* considerations. Specifically, the Court observed that the inherent power to dismiss an action for lack of prosecution existed at the common law, prior to the passage of any statute. It noted that the grant of judgment of *non pros* is based upon the equitable principle of laches. Laches does not involve the passage of any specific time but rather, is applied when a defendant's position or rights are so prejudiced by the passage of time and inexcusable

---

2. While this appeal involves denial of a petition to open a judgment of *non pros*, since Appellants' underlying claim is that judgment of *non pros* improperly was entered, we discuss the standard applicable to that issue. *See Jacobs, supra,* 551 Pa. at 354 n. 4, 710 A.2d at 1100 n. 4.

delay that it would be an injustice to permit the assertion of the cause of action against him in light of the facts and circumstances in the case.

The Court in *Jacobs* also ruled that delays in the action caused by the *defendant* can not be used against the plaintiff. It noted that early cases in this area held that if delays are due to a great extent to the defendant's own actions, it would be an injustice to allow the defendant to apply laches, and the Court specifically held that a defendant who has created a delay may not benefit from that delay by obtaining a judgment of *non pros.*

In *Marino, supra,* which also is significant to this case, the Court held that for purposes of determining whether the plaintiff has set forth a compelling reason for delay, *non-docket activities must be considered.* The Court reasoned that local courts vary regarding what they will enter on the dockets, which had led to inconsistent results in proceedings relating to judgments of *non pros.* The Court also reasoned that non-docket activity should be considered since "[d]ismissal of a case is far too harsh a result when the case is not actually stale but was moving slowly forward." *Id.* 551 Pa. at 374, 710 A.2d at 1111.

The Court looked at the non-docket activities that had occurred in that action and indicated that taken together, those activities established that the case was proceeding towards disposition and that it should not have been terminated due to failure to prosecute. During the period of delay at issue in that case, plaintiff's counsel was changed, depositions had been taken, and settlement negotiations had occurred.

In the present case, Appellants vigorously maintained to the trial court that non-docket discovery activities and delay caused by Appellee should have been considered in determining whether they had made efforts to prosecute this action with reasonable promptitude. The trial court expressly refused to consider either factor, instead applying case law that was overruled by the recent trio of Supreme Court cases.

∎ In light of the drastic change in this area of the law, we will remand this case to the trial court for further consideration. We

do so, however, with the proviso that the trial court remains free to conclude that the petition herein was not timely filed. While Appellee maintains that the petition was denied solely because it was not timely filed, we cannot agree.

The trial court stated only that it was *inclined* to deny the petition on that basis and that it doubted whether counsel's failure to follow proper procedure was excusable. However, the trial court clearly elected not to consider the petition untimely. The trial court made no explicit determination about the timeliness of the petition, expressly deciding the case on the merits.

Thus, we prefer to remand this case to the trial court for reconsideration in light of the recent changes in the case law and due to the equitable nature of these proceedings. The court also may make more express, and hence, reviewable findings regarding the timeliness of the petition.

The order entered on December 8, 1997, from which the appeal at No. 48 Harrisburg 1998 was filed, is reversed. This case is remanded for further consideration. Jurisdiction relinquished.

The appeal at No. 82 Harrisburg 1998 is quashed.