**Panosian v. Hampton**

*Steven M. Mezrow,* for plaintiffs.
*Patrick J. Gibbons,* for defendants.
*Jill R. Snyder,* for additional defendant.

LASH, *J.,* October 7, 2005—The matter before this court is the petition of plaintiffs, Tamara Panosian and Ara Panosian, husband and wife, to strike non pros and/ or reinstate the action to active status. Upon consideration of the petition, briefs filed by the parties and after argument held on October 5, 2005, this court denies plaintiffs' petition.

This matter was commenced by writ of summons issued on June 1, 2000. Subsequently, plaintiffs, on September 7, 2000, filed a complaint against defendants, Betty Hampton and Eugene Hampton Used Cars, alleging that on May 31, 1998, plaintiffs were involved in an automobile accident when defendant, Betty Hampton, operating a motor vehicle owned by defendant, Eugene Hampton Used Cars, ignored a red traffic light, traveled into an intersection and struck the vehicle operated by plaintiff, Ara Panosian. The complaint claims that plaintiff, Tamara Panosian, a passenger in the Panosian vehicle, was injured as a result of the accident. Plaintiff, Ara Panosian, seeks damages for loss of consortium. Defendants answered the complaint and filed new matter, which, inter alia, joined plaintiff, Ara Panosian, as an additional defendant, pursuant to Pa.R.C.P. 2252(d).

On August 25, 2003, this matter was terminated for inactivity, under B.R.J.A. 1901. The termination process was commenced by the prothonotary of Berks County on June 23, 2003, by issuing a notice to the parties, projecting a termination date for August 22, 2003, there being no docket activity since August 21, 2001. The notice set forth, inter alia, that the case would be terminated if no docket activity occurred within 60 days of service of the notice, or if no party files a motion to allow the case to remain active and request a hearing thereon.

According to the record, the notice was sent to all counsel by ordinary mail, including plaintiffs' counsel, Michael O. Pansini, Esquire, at his last known address, 1528 Walnut Street, Suite 1401, Philadelphia, PA 19102. However, the letter to Attorney Pansini was returned to the prothonotary's office on June 30, 2003, with a notation from the postal authorities stating: "Not Deliverable As Addressed—Unable To Forward—Return To Sender." According to the record, the prothonotary then sent another notice to Attorney Pansini on July 1, 2003, to 1525 Locust Street, Fifteenth Floor, Philadelphia, PA 19102. Further, the original notice was also sent to plaintiff, Ara Panosian, at the address of 602 Thornhill Drive, Lafayette Hill, PA 19444. Neither plaintiffs, nor their counsel, responded and the case was terminated.

On August 11, 2005, plaintiffs filed the within petition to reinstate the action to active status. In their petition, plaintiffs claim that neither plaintiffs, nor their counsel, received the notice of proposed termination, were not advised of the procedure to avoid termination, and never received the order terminating the case. Plaintiffs allege that plaintiffs' counsel remained unaware of the termination until July 15, 2005, when they requested a copy of the docket entries. As a possible explanation, plaintiffs' counsel advised that they relocated their offices in December of 2001 from the Walnut Street address to the Locust Street address. Counsel also represent that, at the time of relocation, they sent notices to all courts, including Berks County, of the change of address.

In their claim for reinstatement, plaintiffs argue that the case should be reinstated because they were unable

to respond to the termination proceeding because they never received notice, that if they had received notice, they would have promptly responded, that the case has merit, that the case has continued to remain active, although the activities engaged in did not appear on the court docket, and that defendants would not be prejudiced as a result of any delay.

The procedure for termination of inactive cases is now governed by Pa.R.C.P. 230.2, which became effective July 1, 2003, during the pendency of the within termination proceedings. Under this rule, the court may initiate proceedings to terminate a case in which there has been no activity of record for two years or more by serving a notice of the proposed dismissal. The notice must be sent to counsel of record 60 days prior to the date of the proposed termination. The notice shall contain the date of the proposed termination and the procedure to avoid termination. The notice may be sent by ordinary mail pursuant to Pa.R.C.P. 440, which provides that service is complete upon mailing. If the mailed notice is returned, as in this case, the notice shall be served by publication, although a comment to the rule notes that the prothonotary should first check a legal directory or contact the Administrative Office of Pennsylvania Courts for a current address, and upon failure to obtain one, then publication is required.

Rule 230.2 also provides a simple method for parties to avoid termination through the filing of a "Statement of intention to proceed." The notice of proposed termination, with directions concerning filing the statement of intention to proceed, appears in Pa.R.C.P. 230.2 (e) and (f).

If no statement of intention to proceed or other docket activity has been filed, the prothonotary shall enter an order terminating the matter, with prejudice, for failure to prosecute. However, an aggrieved party may petition the court to reinstate the action. If, as in this case, the petition is filed more than 30 days after the entry of the order of termination, the court, under Pa.R.C.P. 230.2 (d)(3), shall grant the petition and reinstate the action upon a showing that:

"(i) the petition was timely filed following the entry of the order for termination and

"(ii) there is a reasonable explanation or a legitimate excuse for the failure to file both

"(A) the statement of intention to proceed prior to the entry of the order of termination on the docket and,

"(B) the petition to reinstate the action within 30 days after the entry of the order of termination on the docket."

Plaintiffs' explanation for failing to file both the statement of intention to proceed and the petition to reinstate the action within 30 days was the claimed failure to receive any notice from the prothonotary of the proposed or actual termination. However, the evidence supports a finding of proper service. Although the original notice was returned to the prothonotary, ostensibly because counsel had moved their offices, the prothonotary did, in due course, obtain the correct address and promptly sent out a new notice. Under Rule 440, service is complete when mailed.

We also note that the notice sent by the prothonotary was crafted pursuant to the procedures in place before the adoption of Pa.R.C.P. 230. The notice therefore did

not set forth the new procedure, including the right to maintain the proceeding by filing a notice of intention to proceed. This was not error, however, as the former procedure was still in effect at the time the notice was sent. Further, plaintiffs did not argue that the content of the notice is a basis for reinstatement of the case. If they had, this court would have rejected such an argument because (1) plaintiffs' issue is the lack of any notice, not that the notice was defective, (2) the notice that was sent did warn of termination, if there was no response by August 22, 2003, and (3) plaintiffs could nevertheless have responded in the manner set forth in the notice or in accordance with Pa.R.C.P. 230.2.

Even assuming, arguendo, that the plaintiffs meet the test under Pa.R.C.P. 230.2(d)(3)(ii), plaintiffs nevertheless cannot obtain the sought relief because they failed to comply with Pa.R.C.P. 230.2(d)(3)(i), requiring the timely filing of the petition to reinstate following the entry of the termination order. By their own admission, plaintiffs' counsel was unaware of the termination from the date of termination, August 25, 2003, until they obtained docket entries on July 15, 2005. Thus, subsequent to the two-year period of docket inactivity, resulting in the termination, there was an additional period of nearly 23 months when there was absolutely no activity conducted in this case. To require timeliness means to require diligence. Here, the case has been inactive for an unreasonable amount of time. It would be unjust to require defendants to reconvene 23 months after the case was put to rest. To hold otherwise would mean cases could remain dormant but active indefinitely, merely because a plaintiff was not notified of the original termination.

Plaintiffs' counsel's only explanation for the delay is that plaintiff, Tamara Panosian, is continuing to treat for her injuries, an explanation which does not address the issue. Plaintiffs have failed to meet their burden required by Pa.R.C.P. 230.2(d)(3), and the petition to reinstate, therefore, must be denied.

One other issue must be addressed. In the explanatory comment to Rule 230.2, this paragraph appears: "This rule was promulgated in response to the decision of the Supreme Court in *Shope v. Eagle,* 551 Pa. 360, 710 A.2d 1104 (1998), in which the court held that 'prejudice to the defendant as a result of delay in prosecution is required before a case may be dismissed pursuant to local rules implementing Rule of Judicial Administration 1901.' "

As the comment sets forth, the Supreme Court in *Shope* squarely holds that a case cannot be terminated for inactivity unless there is a showing of actual prejudice to the defendant. However, Pa.R.C.P. 230.2 makes no mention of prejudice as an element in determining the issue of termination. The question, therefore, is whether this court, under Pa.R.C.P. 230.2, must nevertheless make a finding of actual prejudice, as a requisite to denying plaintiffs' petition.

It appears that the proper interpretation of Pa.R.C.P. 230.2 is that the requirement of a showing of actual prejudice has been eliminated by the rule. Rule 230.2 was a response to *Shope v. Eagle,* specifically regarding the element of prejudice to the defendant. There is nothing in Rule 230.2 requiring a showing of prejudice before termination. The explanatory comment also states that 230.2 provides a "complete procedure and a uniform

statewide practice, preempting local rules." It appears that the only reasonable interpretation of the explanatory comment is that the Supreme Court intended to promulgate Pa.R.C.P. 230.2 as comprehensive, eliminating any considerations not specifically incorporated within the rule, including the element of actual prejudice to a defendant. Accordingly, we make no determination regarding whether defendants would be prejudiced by the reinstatement of the case. We enter the following order:

## ORDER

And now, October 7, 2005, upon consideration of the petition of plaintiffs, Tamara Panosian and Ara Panosian, husband and wife, to strike non pros and/or reinstate the action to active status, response thereto, briefs filed by the parties, and after argument held, plaintiffs' petition is denied.