J-S62038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOSEPH L. MICHILINE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| VINCENT G. DOUGHERTY, INDIVIDUALLY, VINCE G. DOUGHERTY, A/K/A VINCENT G. DOUGHERTY, CHARLES P. LEACH, AND J. RICHARD GEORGE, ALL INDIVIDUALLY AND T/D/B/A NEW BETHLEHEM PLAZA II, AND CNB COMMUNITY BANK | |
| Appellees | No. 789 WDA 2015 |

Appeal from the Order April 13, 2015
In the Court of Common Pleas of Clarion County
Civil Division at No(s): 801 CD 2004

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED OCTOBER 26, 2015**

Appellant, Joseph L. Michiline, appeals from the order entered in the Clarion County Court of Common Pleas, which dismissed with prejudice, due to docket inactivity, Appellant's civil action against Appellees, Vincent G. Dougherty, individually, Vince G. Dougherty, a/k/a Vincent G. Dougherty, Charles P. Leach, and J. Richard George, all individually and t/d/b/a New Bethlehem Plaza II (collectively, "Dougherty Appellees"), and CNB Community Bank ("Appellee Bank").  We affirm.

The relevant facts and procedural history of this case are as follows.

_____

*Retired Senior Judge assigned to the Superior Court.

On February 1, 2005, Appellant filed a complaint against the Dougherty Appellees and Appellee Bank.[1]  Appellant alleged a fire occurred on or about April 29, 2002 on Appellees' property, which is nearby or adjoining Appellant's property.  Appellant maintained that Appellees demolished the building on their property after the fire and the demolition changed the contours of the ground, which ultimately caused ground water to leak into the basement of Appellant's property, beginning around March 2003.  Appellant claimed the leakage caused structural damage to his property.  On April 20, 2005, Appellant filed an amended complaint.  Appellant filed a second amended complaint on February 21, 2006, and a third amended complaint on March 22, 2006.  Appellee Bank filed an answer and new matter on April 26, 2006; the Dougherty Appellees filed an answer and new matter on May 11, 2006.[2]  Appellant filed replies on June 23, 2006.

Between June 2006 and December 2010, Appellant took no action to prosecute his case.[3]  Consequently, the court issued notice proposing to

---

[1] Appellant initially commenced this action by writ of summons filed on June 28, 2004.

[2] On May 19, 2006, Appellee Bank filed a complaint joining an additional defendant, Hilliard's, Inc.  Nothing in the record indicates that Appellee Bank actually served Hilliard's, Inc. with the joinder complaint, and Hilliard's, Inc. has not filed a responsive pleading.  Therefore, Hilliard's Inc. is a non-party.

[3] The only docket activity during this timeframe was a *praecipe* for withdrawal of appearance and a *praecipe* for entry of appearance by counsel for Appellee Bank on February 12, 2008.

terminate the case for inactivity. On December 28, 2010, Appellant filed a statement of intent to proceed with his case, and the case remained active on the court's docket. No additional docket activity took place until November 5, 2013, when Appellee Bank filed a motion for judgment on the pleadings. Appellant responded to the motion on December 4, 2013. The court denied Appellee Bank's motion on February 12, 2014.

On December 10, 2014, the court issued an order again proposing termination of Appellant's case due to inactivity. The court's order gave Appellant until February 23, 2015, to file a response. On February 23, 2015, Appellant objected to termination of the case. The Dougherty Appellees responded to Appellant's objections on April 2, 2015, and Appellee Bank responded on April 6, 2015. The court held a hearing on April 7, 2015, at which time Appellees presented argument on prejudice they suffered as a result of Appellant's delay in prosecuting the case. By order dated April 7, 2015, and entered on the docket on April 13, 2015, the court dismissed Appellant's case with prejudice. Appellant timely filed a motion for reconsideration on April 23, 2015, which the court denied the following day. Appellant timely filed a notice of appeal on May 13, 2015. On May 14, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), which Appellant timely filed on June 3, 2015.

Appellant raises two issues for our review:

DID THE TRIAL COURT ERR IN DISMISSING THE CASE AS TO ALL [APPELLEES]?

DID THE TRIAL COURT ERR IN DISMISSING THE CASE AS TO [APPELLEE BANK]?

(Appellant's Brief at 4).

For purposes of disposition, we combine Appellant's issues. Appellant argues Appellees did not give him sufficient notice of their claims of actual prejudice. Appellant asserts he needed more time before the hearing to investigate Appellees' claims of prejudice. Appellant contends the court dismissed his case before Appellant had an opportunity to investigate Appellees' allegations of prejudice, which deprived him of due process. Alternatively, Appellant maintains that even if the court properly dismissed the case against the Dougherty Appellees based on their allegations of prejudice, the court's dismissal of the case against Appellee Bank was inappropriate because Appellee Bank's allegations of prejudice were less precise than those advanced by the Dougherty Appellees. Appellant concludes the court failed to give him sufficient time to investigate Appellees' claims of prejudice, and this Court should remand for another hearing after Appellant has reasonable time to investigate Appellees' claims. We cannot agree.

Preliminarily, appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. **See also** Pa.R.A.P. 2114-2119 (addressing

specific requirements of each subsection of brief on appeal). Regarding the argument section of an appellate brief, Rule 2119(a) provides:

> **Rule 2119. Argument**
>
> **(a) General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Importantly, where an appellant fails to raise or develop his issues on appeal properly, or where his brief is wholly inadequate to present specific issues for review, this Court will not consider the merits of the claims raised on appeal. *Butler v. Illes*, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to explain cogently or even tenuously assert how trial court abused its discretion or made error of law). *See also Lackner v. Glosser*, 892 A.2d 21 (Pa.Super 2006) (explaining arguments must adhere to rules of appellate procedure and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention); *Estate of Haiko v. McGinley*, 799 A.2d 155 (Pa.Super. 2002) (stating appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, this Court's

ability to provide review is hampered, necessitating waiver of issue on appeal).

Instantly, Appellant's entire argument section consists of only two short paragraphs. Significantly, Appellant fails to discuss any relevant legal authority to support his claims on appeal.[4] *See* Pa.R.A.P. 2119(a). Appellant's failure to develop his claims with discussion and analysis of pertinent legal authority precludes meaningful review and waives his issues on appeal.[5] *See Lackner, supra*; *Haiko, supra*; *Butler, supra*.

Moreover, in reviewing a trial court's termination of an action due to docket inactivity, we will not disturb the court's determination absent an abuse of discretion or error of law. *Tucker v. Ellwood Quality Steels Co.*, 802 A.2d 663, 664 (Pa.Super. 2002). Pennsylvania Rule of Judicial Administration 1901 provides, in pertinent part:

> **Rule 1901. Prompt Disposition of Matters; Termination of Inactive Cases**
>
> **(a) General policy.** It is the policy of the unified judicial system to bring each pending matter to a final

---

[4] The only citation to legal authority in Appellant's argument section is to *Shope v. Eagle*, 551 Pa. 360, 710 A.2d 1104 (1998). Appellant claims this case provides the "proper standard" in this matter, but he fails to explain what that standard is or discuss *Shope* in any meaningful way.

[5] Additionally, Appellant failed to preserve in his Rule 1925(b) statement his claim that the court gave him insufficient time to investigate Appellees' allegations of prejudice; thus, his challenge is waived for this reason as well. *See HSBC Bank, NA v. Donaghy*, 101 A.3d 129 (Pa.Super. 2014) (stating issues not raised in concise statement will be deemed waived on appeal).

conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.

\* \* \*

**(c) Minimum standards.** Before any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination….

Pa.R.J.A. 1901(a), (c). "To dismiss a case for inactivity there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause actual prejudice to the defendant." ***Shope, supra*** at 367, 710 A.2d at 1107-08. "[I]t is plaintiff, not defendant, who bears the risk of failing to act within a reasonable time to move a case along." ***Id.*** at 368, 710 A.2d at 1108.

Instantly, in dismissing Appellant's case due to inactivity, the trial court reasoned:

On December 10, 2014, this court notified all the parties that due to an unreasonable period of docket inactivity, the case would be dismissed pursuant to Rule of Judicial Administration 1901(a) unless [Appellant] objected. [Appellant] did file an Objection to Dismissal, to which [Appellees] replied, and a hearing was held on April 7, 2015. At that hearing, it was established that the incident giving rise to the suit, a fire consuming a building giving rise to allegedly negligent demolition of the structure, had occurred in 2002, with [Appellant] filing suit in 2004. After an initial flurry of activity including various preliminary objections and amended complaints, the matter sat,

- 7 -

stagnant, from 2006 to the present. In that time, the only activities were attempts by [Appellees] to compel discovery from [Appellant], or to terminate the action by seeking judgment on the pleadings. The only explanation [Appellant] offered for this delay was a scheduling conflict that prevented a deposition in [the] summer of 2014. [Appellees], for their part, established that the delay in the case had caused them to be unable to locate important fact witnesses, one of whom had since died, and that certain probative documents were no longer available.

To dismiss a case for inactivity there must be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude, the plaintiff must have no compelling reason for the delay, and the delay must cause actual prejudice to the defendant. [*Id.* at 367, 710 A.2d at 1107-08]. In the present case, [Appellant] presented no satisfactory explanation for [his] failure to file any motions, perform any substantial discovery, or list the case for trial in almost nine years. In contrast, [Appellees] presented substantial evidence of prejudice to themselves in the form of unavailable witnesses and evidence. Accordingly, the court found all of the criterion for dismissal were met, and terminated the case with prejudice.

(Trial Court Opinion, filed June 17, 2015, at 1-2). Under these circumstances, we see no reason to disrupt the trial court's dismissal of the case. *See Tucker, supra*. Accordingly, we affirm.

Order affirmed.

- 8 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2015