**Rule 230.2. Termination of Inactive Cases.**

(a) **General Rule.** At least once a year, the court shall initiate proceedings to terminate cases in which there has been no activity of record for two years or more, and shall report such information to the Court Administrator of Pennsylvania on a form supplied by the Administrative Office of Pennsylvania Courts or in such format as requested from time to time by the Administrative Office of Pennsylvania Courts.

**[Note: This rule provides an administrative method for the termination of inactive cases.]**

(b) **Notice of Proposed Termination.**

(1) For each case identified pursuant to subdivision (a), the court shall serve a notice of proposed termination on counsel of record, and on the parties if not represented, **[thirty] 30** days prior to the date of the proposed termination. The notice shall contain the date of the proposed termination and the procedure to avoid termination.

(2) The notice shall be served electronically pursuant to Rule 205.4(g)(1), or pursuant to Rule 440 on counsel of record and on the parties, if not represented, at the last address of record.

**[Note: If the notice mailed to an attorney is returned by the postal service, the prothonotary should check the website of the Disciplinary Board of the Supreme Court of Pennsylvania, www.padisciplinaryboard.org, for a current address.**

*See* **subdivision (f) for the form of notice.]**

(c) **Termination.** If no statement of intention to proceed has been filed on or before the date of the proposed termination, the prothonotary shall enter an order as of course terminating the matter for failure to prosecute.

**[Note: The prothonotary may not enter an order terminating the action until more than thirty days after service of the notice of proposed termination.**

**A court officer may certify to the prothonotary those matters which have been inactive and in which no statement of intention to proceed has been filed.]**

(d) **Reinstatement.**

(1) If an action has been terminated pursuant to this rule, an aggrieved party may petition the court to reinstate the action.

(2) If the petition is filed within **[sixty]** **60** days after the entry of the order of termination on the docket, the court shall grant the petition and reinstate the action.

**[Note: The provision under subdivision (d)(2) for filing a petition within sixty days is not intended to set a standard for timeliness in proceedings outside this rule.]**

(3) If the petition is filed more than **[sixty]** **60** days after the entry of the order of termination on the docket, the court shall grant the petition and reinstate the action upon a showing that**:**

(i) the petition was timely filed following the entry of the order for termination**;** and

(ii) there is a reasonable explanation or a legitimate excuse for the failure to file both**:**

(A) the statement of intention to proceed prior to the entry of the order of termination on the docket**;** and**[,]**

(B) the petition to reinstate the action within **[sixty]** **60** days after the entry of the order of termination on the docket.

**[Note: The provision under subdivision (d)(2) for filing a petition within sixty days of the entry of the order of termination on the docket is not a standard of timeliness. Rather, the filing of the petition during that time period eliminates the need to make the showing otherwise required by subdivision (d)(3).]**

(e) **Termination with Prejudice.** Any case which is reinstated pursuant to subdivision (d) shall be subject to termination with prejudice upon a subsequent termination pursuant to subdivision (a). No subsequent reinstatements shall be granted.

(f) **Form Notice of Proposed Termination.** The notice required by subdivision (b) shall be in the following form:

* * *

2

(g)     **Form Statement of Intention to Proceed.**  The statement of intention to proceed shall be in the following form:

\* \* \*

(h)     **Required Status Conference.**  Upon receipt of a statement of intention to proceed, the court **[may] shall** schedule a status conference and establish appropriate timelines to ensure a timely and efficient disposition of the case.

**Comment:**

**This rule provides an administrative method for the termination of inactive cases.**

**Subdivision (b).  If the notice mailed to an attorney is returned by the postal service, the prothonotary should check the website of the Disciplinary Board of the Supreme Court of Pennsylvania, www.padisciplinaryboard.org, for a current address.**

**Subdivision (c).  The prothonotary may not enter an order terminating the action until more than 30 days after service of the notice of proposed termination. A court officer may certify to the prothonotary those matters which have been inactive and in which no statement of intention to proceed has been filed.**

**Subdivision (d).  The provision under subdivision (d)(2) for filing a petition within 60 days of the entry of the order of termination on the docket is not a standard of timeliness.  Rather, the filing of the petition during that time period eliminates the need to make the showing otherwise required by subdivision (d)(3). In addition, the standard in subdivision (d)(2) is not intended to set a standard for timeliness in proceedings outside this rule.**

**Historical Commentary**

**The following commentary is historical in nature and represents statements of the Committee at the time of rulemaking:**

**EXPLANATORY COMMENT—2003**

The Supreme Court of Pennsylvania has promulgated new Rule of Civil Procedure 230.2 governing the termination of inactive cases and amended Rule of Judicial Administration 1901.  Two aspects of the recommendation merit comment.

*I. Rule of Civil Procedure*

New Rule of Civil Procedure 230.2 has been promulgated to govern the termination of inactive cases within the scope of the Pennsylvania Rules of Civil Procedure. The termination of these cases for inactivity was previously governed by Rule of Judicial Administration 1901 and local rules promulgated pursuant to it. New Rule 230.2 is tailored to the needs of civil actions. It provides a complete procedure and a uniform statewide practice, preempting local rules.

This rule was promulgated in response to the decision of the Supreme Court in *Shope v. Eagle*, 551 Pa. 360, 710 A.2d 1104 (1998) in which the court held that "prejudice to the defendant as a result of delay in prosecution is required before a case may be dismissed pursuant to local rules implementing Rule of Judicial Administration 1901."

Rule of Judicial Administration 1901(b) has been amended to accommodate the new rule of civil procedure. The general policy of the prompt disposition of matters set forth in subdivision (a) of that rule continues to be applicable.

*II. Inactive Cases*

The purpose of Rule 230.2 is to eliminate inactive cases from the judicial system. The process is initiated by the court. After giving notice of intent to terminate an action for inactivity, the course of the procedure is with the parties. If the parties do not wish to pursue the case, they will take no action and "the prothonotary shall enter an order as of course terminating the matter with prejudice for failure to prosecute." If a party wishes to pursue the matter, he or she will file a notice of intention to proceed and the action shall continue.

*a. Where the action has been terminated*

If the action is terminated when a party believes that it should not have been terminated, that party may proceed under Rule 230(d) for relief from the order of termination. An example of such an occurrence might be the termination of a viable action when the aggrieved party did not receive the notice of intent to terminate and thus did not timely file the notice of intention to proceed.

The timing of the filing of the petition to reinstate the action is important. If the petition is filed within thirty days of the entry of the order of termination on the docket, subdivision (d)(2) provides that the court must grant the petition and reinstate the action. If the petition is filed later than the thirty-day period, subdivision (d)(3) requires that the plaintiff must make a showing to the court that the petition was promptly filed and that there is a reasonable explanation or legitimate excuse both for the failure to file the notice

4

of intention to proceed prior to the entry of the order of termination on the docket and for the failure to file the petition within the thirty-day period under subdivision (d)(2).

*b. Where the action has not been terminated*

An action which has not been terminated but which continues upon the filing of a notice of intention to proceed may have been the subject of inordinate delay.  In such an instance, the aggrieved party may pursue the remedy of a common law non pros which exists independently of termination under Rule 230.2.

**EXPLANATORY COMMENT—2015**

In 2014, the Supreme Court of Pennsylvania made efforts to reduce the inventory of civil cases on the dockets of the Courts of Common Pleas.  To expedite that process, it suspended Rule 230.2 governing the termination of inactive cases.  Originally adopted in 2003, Rule 230.2 implemented the general policy provisions of Rule of Judicial Administration 1901(a) governing the prompt disposition of matters and the termination of inactive cases.  While Pa.R.J.A. No. 1901(a) provided general guidelines for conducting an administrative purge, Rule 230.2 set forth a procedural mechanism for a court to perform an administrative purge of cases that had remained on the civil docket for two or more years with no evidence of any activity.

The Court has amended and reinstated Rule 230.2.  The amendments have streamlined the procedure for the trial court to conduct an administrative purge of inactive cases, and are intended to ensure that the civil dockets reflect the current inventory of active cases, while encouraging attorneys to expeditiously litigate their cases.

Several concerns with the suspended Rule 230.2 were identified.  The suspended rule did not specify how often a court should conduct an administrative purge; it only provided a procedure should a court decide to conduct an administrative purge.   In order to ensure that the civil case inventory is accurate, the amendment of subdivision (a) requires a court to conduct an administrative purge at least once a year.  The court is also required to report such information to the Court Administrator of Pennsylvania with a form supplied by the Administrative Office of Pennsylvania Courts.

A second problem identified with suspended Rule 230.2 was the provision for service of the notice of proposed termination in subdivision (b).  In subdivision (b)(1), the suspended rule required service of the notice of proposed termination on counsel of record or unrepresented parties at least sixty days prior to the date of termination.  To expedite the process, the amendment of subdivision (b)(1) shortens that time frame and require the notice to be served to at least thirty days prior to the date of termination.

5

The suspended rule did not provide for modern, efficient methods for giving notice to counsel or unrepresented parties that cases were identified as having no activity on the docket for the previous two years. Subdivision (b)(2) of the suspended rule provided for the notice to be served by mail pursuant to Rule 440 at the last address of record. In the event that the notice was returned, publication was required in the legal publication designated by the court for such notices. In conjunction with the shortened time frame in subdivision (b)(1), the amendment of subdivision (b)(2) updates the method for giving notice by allowing the notice to be served electronically pursuant to Rule 205.4 governing electronic filing. The ability to serve notice by mail pursuant to Rule 440 has been retained, but publication in the legal journal when a notice has been returned has been eliminated.

A third problem identified with suspended Rule 230.2 was the filing of statements of intention to proceed in order to keep a case active, but then not requiring any further obligation on counsel or an unrepresented party to move the case forward to resolution. Subdivision (c) of the suspended rule required an attorney or unrepresented party to file a statement of intention to proceed before the termination date stated in the notice in order to prevent the purging of the case from the docket. If no statement of intention to proceed was filed, the prothonotary was directed to enter an order terminating the matter for failure to prosecute. In the newly amended rule, this provision has been retained. However, new subdivision (h) encourages the trial court to manage its cases by scheduling a status conference and establishing appropriate timelines to insure a timely and efficient disposition of the case.

Importantly, the amendment of Rule 230.2 retains the post-termination procedure set forth in subdivision (d) of the suspended rule, which allows a party to petition the court to reinstate the action. The suspended rule provided certain requirements for reinstatement depending whether the petition is filed within thirty days or beyond thirty days. While the requirements remain unchanged, subdivision (d) has been amended to provide for sixty days rather than thirty days. New subdivision (e), however, limits reinstatements of a case. If any case, previously reinstated, is terminated pursuant to this rule, then it is terminated with prejudice. No additional reinstatements will be granted. This provision is intended to encourage the efficient litigation of cases and to not let them languish on the docket.