J-S03017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KIMBERLY G. AND BRETT A. OSBORNE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 902 MDA 2023 |
| BOSCOV'S INC. & BOSCOV'S DEPARTMENT STORE LLC | : | |

Appeal from the Order Entered May 11, 2022
In the Court of Common Pleas of Berks County Civil Division at No(s):
16-13921

BEFORE:  OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MAY 14, 2024**

Appellants Kimberly G. Osbourne and Brett A. Osbourne appeal from the order terminating their case against Appellees Boscov's Inc. and Boscov's Department Store LLC due to inactivity.  Appellants argue that the trial court erred in dismissing the case *sua sponte*.  Following our review, we reverse and remand for further proceedings.

The trial court summarized the underlying facts of this matter as follows:

This slip and fall case has a long and protracted history of inaction. It began on June 20, 2016 by the filing of a writ [of summons]. On September 26, 2016, [Appellees] filed a praecipe for rule to file complaint.  [Appellants] finally filed their complaint on February 15, 2017, almost eight months after the writ had been filed.

The complaint alleged that the [Appellants] are married.  On June 25, 2014, Kimberly Osborne (hereinafter, Wife) went to shop in [Appellees'] retail tent that was located on [Appellees'] parking lot.  As Wife was walking inside the tent, her foot went into a

depression in the asphalt paving, causing her to lose her balance and fall, whereupon she fractured her ankle and sustained other serious injuries.

The complaint contained two counts. Count I was a negligence claim, and Count II was Brett Osborne's claims for loss of consortium and for expenses.

On March 19, 2018, [Appellees] filed an answer with new matter, containing a notice to plead. This was the last court action on the docket until February 19, 2020 when the Prothonotary's office issued a termination notice with a projected termination date of March 20, 2020. On March 3, 2020, [Appellants] filed a statement of intention to proceed. Thereafter, on August 14, 2020, the parties filed a proposed joint case management order, which this court signed on August 17, 2020.

The deadline for dispositive motions was May 1, 2021. The next activity on the docket was on July 20, 2022 when the Prothonotary's office filed another termination notice. On August 16, 2022, [Appellants] filed another statement of intention to proceed.

Trial Ct. Op., 6/15/23, at 1-2 (some formatting altered).

The trial court conducted a status hearing on May 8, 2023. At that time, Appellants requested that the trial court allow the parties additional time to complete discovery and explained that, by the next status hearing, "[t]he case will either be finished, or we can list it for trial." N.T. Hr'g, 5/8/23, at 8. In response, the trial court stated that it only had "45 days with this case, and then – then it's someone else's. And . . . my assignment [] is to dispose of these open cases, which is what I'm doing." *Id.* at 8. Ultimately, after it became clear that the parties could not resolve the matter within that time period, *see id.* at 8-9, the trial court ordered the case "ended and discontinued with prejudice for failure to prosecute the matter." *Id.* at 9.

Thereafter, the following exchange occurred:

[Appellants' counsel]: Your Honor, I – I can't believe that, Your Honor.

THE COURT: I'm sorry. I -- I don't what else –

[Appellants' counsel]: I mean, I -- I understand that you're -- you're going to retire, Your Honor, and that you've been asked to get these cases off of your docket. But this is a pending case. It's an important case for my client. She fractured her ankle in the parking lot at Boscov's and --

THE COURT: Well, you certainly have the right to appeal it. I mean, that's -- that's for sure. Okay. All right. Thank you.

*Id.*

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellants' claims.

1. Did the trial court err when it *sua sponte* dismissed [Appellants'] complaint given that no parties to the proceedings requested non pros?

2. Did the trial court err when it *sua sponte* dismissed [Appellants'] complaint given that there were compelling reasons for the delay and when there was no showing of prejudice to the adverse party?

Appellants' Brief at 4.

Both of Appellants' claims relate to the trial court's order terminating their case for inactivity. First, Appellants argue that the trial court did not have the authority to terminate the case *sua sponte*. *Id.* at 9. Second, Appellants contend that the trial court erred in dismissing the complaint

because there were compelling reasons for the delay and no showing of prejudice to Appellees. *Id.* at 12.

It is well settled that a court may invoke its inherent power to dismiss a case for lack of activity on the docket. *See Penn Piping, Inc. v. Insurance Co. of North America*, 603 A.2d 1006, 1008 (Pa. 1992), *abrogated in part by Jacobs v. Halloran*, 710 A.2d 1098, 1102 (Pa. 1998); *see also* Pa.R.J.A. 1901(a) (stating that "[w]here a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter").[1]

In reviewing an order dismissing a case for inactivity, our standard of review is the same regardless of whether the motion is brought by the defendant or *sua sponte* by the trial court. *See Shope v. Eagle*, 710 A.2d 1104, 1105 (Pa. 1998) (explaining that "the standard applicable to terminations for inactivity pursuant to a defendant's motion for non pros applies equally to dismissals pursuant to Rule 1901"). As this Court has explained, the decision to dismiss a case "rests within the discretion of the trial court and will not be disturbed on appeal unless there is proof of a manifest abuse of that discretion." *Mudd v. Nosker Lumber, Inc.*, 662 A.2d 660, 662 (Pa. Super. 1995) (citation omitted).

_____

[1] We further note that under Pa.R.J.A. 1901, "[i]t is [a] plaintiff's duty to move the case forward and to monitor the docket to reflect that movement." *Golab v. Knuth*, 176 A.3d 335, 339 (Pa. Super. 2017) (citation omitted). Rule 1901 reflects the general policy of this Commonwealth to promote the prompt completion of litigation. *See id.* at 340.

- 4 -

A trial court may dismiss a case for inactivity under the following circumstances: (1) a party has shown lack of due diligence by failing to proceed with reasonable promptitude, (2) there is no compelling reason for the delay, and (3) the delay has caused actual prejudice to the adverse party. *See Jacobs*, 710 A.2d at 1103. Our Supreme Court has explained that prejudice is "any substantial diminution of a party's ability to properly present its case at trial." *Id.* (citations omitted). This determination is to be made by the trial court, whose decision will not be disturbed absent an abuse of discretion. *Id.*

Here, the trial court explained:

In the case *sub judice*, the only act [Appellants] accomplished was to file a complaint. Even this was only done after [Appellees] compelled [Appellants] by filing a praecipe to have [Appellants] file a complaint. The incident on which the accident is based occurred in 2014, almost nine years ago. This case has been stagnant since [Appellees] filed their answer with new matter on March 19, 2018. [Appellants] never filed a response to the new matter despite the notice to plead attached to the pleading.

This is not a complex case. [Appellants] proffer[] no legitimate excuse for the delay. This case was inactive long before the restrictions of COVID-19 and continued to remain dormant even after the courts' emergency orders were no longer in effect.

Furthermore, the delay in this case exceeds five years. Thus, [Appellees] are presumed to have suffered prejudice.

Trial Ct. Op. at 3.

Following our review of the record, we conclude that although the trial court had the authority to terminate the case for inactivity, *see Penn Piping*, 603 A.2d at 1008, the trial court erred in doing so without determining

- 5 -

whether "the delay . . . cause[d] actual prejudice to the defendant." **Shope**, 710 A.2d at 1108. In its opinion, the trial court found that Appellees were presumed to have suffered prejudice because the delay exceeded five years. **See** Trial Ct. Op. at 3. However, our Supreme Court has expressly rejected the presumption of prejudice as "inconsistent with the well-established notion that the adversary must suffer harm before a case is dismissed for lack of prosecution." **See Jacobs**, 710 A.2d at 1102 (abrogating in part **Penn Piping**). Further, there is nothing in the record to reflect that Appellees suffered prejudice as a result of the delay in this case. **See** N.T. Hr'g, 5/8/23, at 1-9. Accordingly, we are constrained to reverse the order terminating this action and remand for further proceedings.

On remand, the trial court shall conduct a hearing to address the remainder of the three-part test, *i.e.*, whether Appellees suffered actual prejudice due to the delay in activity. **See Jacobs**, 710 A.2d at 1103; **Shope**, 710 A.2d at 1108.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/14/2024

- 6 -